**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DEON D. HILLIARD, # R-63769,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 15-cv-004-MJR** |
| | ) | |
| **ILLINOIS DEPARTMENT of** | ) | |
| **CORRECTIONS,** | ) | |
| **JAMES LUTH,** | ) | |
| **and S.O.R.T. TEAM COMMANDER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff is currently incarcerated at Vandalia Correctional Center ("Vandalia"), where he is serving an eight-year sentence.  He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming that correctional officers on the S.O.R.T. Team at Vandalia subjected him to excessive force, strip-searched him, and refused to allow him to obtain medical attention after assaulting him.

According to the complaint (Doc. 1), on August 21, 2014, Vandalia had a power outage because of a thunderstorm.  After power was restored, the prison was put on lockdown for some period of time.  On August 23, 2014, the S.O.R.T. Team officers conducted a search of all the inmates on Plaintiff's housing unit.  Plaintiff was handcuffed in a rough manner and taken to the gym.  On the way, S.O.R.T. Team officers pushed Plaintiff's head into the back of the prisoner in front of him.  All 176 of the prisoners were then strip-searched in the gym, where they had to stand naked within shoulder-length of one another on the "nasty and unpleasant gym floor" (Doc. 1, p. 4).

Plaintiff was returned to his cell by the same two S.O.R.T. Team officers who had shoved him on the way to the gym (Doc. 1, p. 4). They entered the cell with him. One of the officers gave Plaintiff, who was still handcuffed, a verbal command. However, Plaintiff was unable to understand what was said due to the noise of nearby televisions and fans, and the fact that the officer's helmet had a mask covering his face. Plaintiff looked up and asked the officer what he had said. The other officer told Plaintiff not to look up at him, then both officers "violently and repeatedly" pushed Plaintiff's head into the steel bunk (Doc. 1, p. 5).

Later, Plaintiff asked the Defendant S.O.R.T. Team Commander to let him get medical treatment. He denied this request, saying Plaintiff could not go to Health Care because the prison was still on lockdown.

Plaintiff wrote to Defendant Luth (Vandalia Warden) about the incident, but never got any response. Likewise, Plaintiff received no response to his grievance from the counselor.

He seeks compensatory damages, as well as a transfer to another prison (Doc. 1, p. 7).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:**  Eighth Amendment excessive force claim against the two unidentified S.O.R.T. Team Officers (John Does), for pushing Plaintiff into another prisoner and shoving Plaintiff's head into his bunk;

> **Count 2:**  Eighth Amendment deliberate indifference to medical needs claim against the Defendant S.O.R.T. Team Commander, for refusing Plaintiff's request for medical care following the assault in Count 1;

> **Count 3:**  Eighth Amendment claim for being subjected to a group strip search by unidentified prison officials.

Plaintiff has articulated a claim in Count 1 that survives threshold review under§ 1915A; however, he must identify the Unknown Defendants in order to notify them of this action and enable them to answer.  At this time, service shall be ordered on Defendant Luth

in order to facilitate Plaintiff's discovery of the names of the Unknown (John Doe) S.O.R.T. Team Officers.

Counts 2 and 3, however, shall be dismissed without prejudice for reasons discussed further below.

## Count 1 – Excessive Force

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983.  *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).  An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff's recitation of the facts indicates that there was no need for either John Doe Defendant S.O.R.T. Team Officer to use any force at all against him in order to maintain discipline, much less slam his head into the bunk.  Plaintiff was handcuffed, offering no resistance, and merely asked the officer to repeat a verbal command that he had not understood. He thus may proceed with the claim in Count 1.  However, none of the named Defendants is alleged to have been directly involved in the use of excessive force.  Plaintiff states a claim for potential liability only against the two S.O.R.T. Team Officers who beat him.  The Clerk shall

thus be directed to add these two John Doe Defendants as parties to this action.

None of the other named Defendants can be held responsible for this excessive force claim.   Although the S.O.R.T. Team Commander and the Warden may have held supervisory authority over the two John Doe S.O.R.T. Team Officers, this is not enough to hold them liable for the unconstitutional actions of their subordinates.   The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).   The facts do not suggest that either the Defendant S.O.R.T. Team Commander or Defendant Luth was "personally responsible for the deprivation of a constitutional right."   *Id.*   Accordingly, the Defendant S.O.R.T. Team Commander shall be dismissed from Count 1 with prejudice.

As noted, Defendant Luth had no personal involvement in the excessive force incidents.   Further, if he indeed received Plaintiff's letter or grievance over the incident, his role in reviewing such a complaint does not impose liability on him.  *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (the mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim").   However, Defendant Luth shall remain in the action for two reasons.  First, Defendant Luth is an appropriate party to respond to Plaintiff's discovery requests regarding the identities of the two John Doe S.O.R.T. Team Officer Defendants who assaulted him on August 23, 2014.  *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555-56 (7th Cir. 1996) (collecting cases) (court may employ various means to facilitate *pro se* prisoner's discovery of identities of parties who may have violated his rights). Secondly, because Plaintiff is seeking injunctive relief, Defendant Luth shall remain in the action for the purpose of implementing any injunctive relief to which Plaintiff may ultimately be entitled if he should prevail.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011)

(proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

Finally, Plaintiff cannot maintain a suit for damages against the Defendant Illinois Department of Corrections ("IDOC"), because it is a state government agency.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Because Defendant Luth shall remain in the action relevant to any injunctive relief that might be ordered, it is not necessary for the IDOC to also remain as a Defendant for this purpose.  For these reasons, the IDOC shall be dismissed from this action.

**Count 1** shall proceed, and Defendant Luth shall be served with process. However, Plaintiff is reminded that in order to pursue the damages he seeks, he must first identify the John Doe S.O.R.T. Team Officers by name in an amended complaint, so that service may be ordered on them.

**<u>Dismissal of Count 2 – Deliberate Indifference to Medical Needs</u>**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk.  Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or

unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).

The initial problem with Plaintiff's claim, as pled, is that he never discusses any injuries he might have sustained as a result of the assault in Count 1, or whether he made the Defendant S.O.R.T. Team Commander aware of such injuries. Thus, the Court is unable to determine whether Plaintiff may have been suffering from an objectively serious condition at the time he this Defendant's help in obtaining medical care. Likewise, the complaint provides no basis to suggest that the Defendant S.O.R.T. Team Commander knew that Plaintiff had a need for treatment of an injury but was deliberately indifferent to his condition. For these reason, **Count 2** fails to state a cognizable claim and shall be dismissed without prejudice at this time, as will the Defendant S.O.R.T. Team Commander.

If Plaintiff wishes to further pursue the claim in Count 2 for deliberate indifference to his medical needs, he may re-plead it in an amended complaint. Any amended complaint as to Count 2 must also include the claim in Count 1 which shall proceed for further review. Plaintiff may not amend his complaint in a piecemeal fashion. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Thus, an amended complaint must stand on its own, without reference to any other pleading. An amended complaint that does not conform to these requirements shall be stricken.

Additionally, Plaintiff may have a claim against to the two John Doe Defendant S.O.R.T. Team Officers who assaulted him, if he was injured. The Seventh Circuit has held that a guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996).

For the reasons stated above, the Court cannot discern based on the current pleading whether the actions of the two John Doe Defendant S.O.R.T. Team Officers constituted deliberate indifference to any serious medical needs Plaintiff may have had.  If Plaintiff believes the facts support such a claim, he may include it in an amended complaint.

**Dismissal of Count 3 – Strip Search**

Strip searches that are not related to legitimate security needs or are conducted in a harassing manner in order to humiliate and inflict psychological pain, may be found unconstitutional under the Eighth Amendment.  Further, even if a valid penological reason existed for the search, "the manner in which the searches were conducted must itself pass constitutional muster."  *Mays v. Springborn*, 719 F.3d 631, 634, (7th Cir. 2013) (group of inmates were strip searched together, gratuitously exposing prisoners' nude bodies to each other, while guards uttered demeaning comments) (quoting *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009)); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (a strip search conducted in a harassing manner intended to humiliate and inflict psychological pain could violate the Eighth Amendment); *see also Meriwether v. Faulkner*, 821 F.2d 408 (7th Cir. 1987) (allegation of calculated harassment by strip searches stated Eighth Amendment claim), *cert. denied*, 484 U.S. 935 (1987).  However, prisoners' expectations of privacy, either to be free from searches or from observation by prison staff, are necessarily limited during their incarceration.  *See Hudson v. Palmer*, 468 U.S. 517, 525-30 (1984); *see also Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995) ("[P]rivacy is the thing most surely extinguished by a judgment committing someone to prison").

In the instant case, Plaintiff describes a single strip search that was conducted during a time that the prison was on lockdown for security reasons.  The prisoners were required

to stand naked near each other in the gym. Plaintiff was apparently offended by this, and by the fact he was made to stand on the dirty gym floor without shoes. His description, however, does not suggest that the search was conducted with the purpose of humiliating Plaintiff or other inmates, or that he was subjected to any demeaning comments or other behavior on the part of the officials conducting the search (aside from the matters giving rise to Count 1). Accordingly, **Count 3** shall also be dismissed for failure to state a claim upon which relief may be granted. The dismissal of Count 3, like that of Count 2, shall be without prejudice to Plaintiff re-pleading his claim in an amended complaint.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

The Clerk is **DIRECTED** to add the **UNKNOWN (JOHN DOE #1 and #2) S.O.R.T. TEAM OFFICERS** as party defendants in this action.

**COUNTS 2 and 3** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **S.O.R.T. TEAM COMMANDER** is **DISMISSED** from this action without prejudice. The Defendant **ILLINOIS DEPARTMENT of CORRECTIONS** is **DISMISSED** from this action with prejudice.

In order to assist Plaintiff in the event he wishes to submit an amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendant **LUTH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the

complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 2, 2015**

s/ MICHAEL J. REAGAN
Chief Judge, United States District Court